PHILIP H. STUBBS *vs.* WILLIAM L. PRATT.

Franklin.   Announced July Law Term, Western District, 1892.

Opinion May 20, 1893.

*Trespass.   Estoppel.   Division Line.   Rule 18.*

Equitable estoppel now freely applied to actions of law, as in suits in equity, to suppress fraud and oppression, must be applied with great care and caution; and when a party is to be deprived of his property, or his right to maintain his action, by an estoppel, the equity ought to be strong and the proof clear.

A party is not estopped to prove a legal title to his land by any misrepresentation of its locality made by mistake, without fraud or intentional deception, although another party may be induced thereby to purchase an adjoining lot.

In an action of trespass *quare clausum* it appeared that the plaintiff owning adjoining lots 13 and 14, sold lot 13 to the defendant who afterwards cut over the line upon lot 14. The defendant pleaded in justification of the cutting that, while negotiating for lot 13, the plaintiff pointed out to him clumps of trees on lot 14 as being on lot 13, but the plaintiff denied this. *Held*; that the plaintiff was not estopped to maintain his action.

ON MOTION AND EXCEPTIONS.

This was an action of trespass *quare clausum*, in which the jury returned a verdict for the defendant.

Besides a general motion for a new trial, the plaintiff filed a bill of exceptions which the presiding justice signed, adding a memorandum as follows:

"The foregoing bill of exceptions states the rulings correctly and is allowed, if lawfully allowable under Rule XVIII, under the following statement: At the close of the charge the presiding justice asked the jury to remain in their seats, and then inquired of both counsel, if they desired any modification of the

charge or desired to reserve any points for the law court. Counsel upon both sides answered in the negative, whereupon the justice committed the case to the jury upon the charge already given."

*W. Fred P. Fogg*, for plaintiff.

*H. L. Whitcomb*, for defendant.

As no lines were found, if the plaintiff pointed out these "clumps" or clusters of timber as being on the land he proposed to sell to the defendant, knowing the defendant was buying it for a lumbering operation, and the defendant purchased it under such representations, the plaintiff would be estopped from maintaining this action. *Holloran* v. *Whitcomb*, 43 Vt. 306.

WALTON, J. This is an action of trespass for cutting timber on the plaintiff's land. At the trial in the court below the defendant obtained a verdict, and the case is brought into this court on motion of the plaintiff for a new trial.

We think the motion must be sustained. No one can read the evidence and for a moment doubt that the defendant cut timber in considerable quantities on the plaintiff's land. The defendant denies the fact but feebly, while his counsel in his brief furnished to this court, does not deny it at all. He rests his client's case on an allegation that during a negotiation between the defendant and the plaintiff for the sale of a lot of land, the latter pointed out to the former certain clumps of timber as being on the lot, and that after the purchase, the defendant cut this and other timber in the vicinity, believing it was on the lot which he had bought of the plaintiff. The defendant's counsel claims that such a representation, if made by the plaintiff, estops him from the maintenance of this suit.

We do not so understand the law. Such a representation, if fraudulently made, might have that effect; but, if innocently made, it would have no such effect. A party is not estopped to prove a legal title to his land by any misrepresentation of its locality made by mistake, without fraud or intentional decep-

tion, although another party may be induced thereby to purchase an adjoining lot. "It would be most unjust that a party should forfeit his estate by a mere mistake." Per Wilde, J., in *Brewer* v. *Boston & Worcester Railroad Co.* 5 Met. 478.

In a recent case in West Virginia, the court held that where the owners of adjoining lots actually surveyed and marked a line between their lots, but, by mistake, included a considerable portion of one of the lots within the supposed limits of the other, neither was bound by the line so run ; nor could it be construed as a license from the one party to the other to cut timber between the true line and the mistaken boundary. *Hatfield* v. *Workman*, 35 W. Va. 538, S. C. 14 S. E. Rep. 153 ; *Buker* v. *Bowden*, 83 Maine, 67.

In *Evans* v. *Miller*, 58 Miss. 120 (38 Am. Rep. 313), A pointed out to B, an adjoining owner, what he supposed to be the boundary line between their lands, and forbade his cutting trees beyond that line. B cut trees within that line. It was subsequently discovered that A was mistaken in that line, and that the trees cut were on A's land ; and the court held that A might recover their value. Appended to this case is a very full note on the subject of estoppel in this class of cases, by Mr. Irving Browne.

In *Copeland* v. *Copeland*, 28 Maine, 525, it was said by Chief Justice WHITMAN, that, to defeat one's title to real estate by an equitable estoppel, or estoppel *in pais*, the act or declaration of the party must be wilful, that is, with knowledge of the facts upon which any right he may have must depend, or with an intention to deceive the other party ; that he must, at least, be aware that he is giving countenance to the alteration of the conduct of the other, whereby he will be injured if the representation is not true. And *Titus* v. *Morse*, 40 Maine, 348, is to the same effect.

We do not wish to be understood as holding that in no case can a divsion line between the adjoining owners of land be established by an oral agreement. There are numerous decisions in other states to the effect that when the boundary line between adjacent lands is in dispute, or uncertain, the owners

may establish a division line between them by oral agreement, and that when such an agreement has been acted upon by the erection of fences or buildings, or in any other way, the parties will be estopped to deny that such conventional line is the true line. We are not aware that it has ever been so held in this State or Massachusetts, unless the possession to the line so agreed upon has continued for not less than twenty years. But the doctrine of equitable estoppel has been very much extended within the last half century, and is now as freely applied in actions at law as in suits in equity; and it is a doctrine so well calculated to suppress fraud and oppression, that we do not wish to be understood as limiting its application in the slightest degree in proper cases. But it is a doctrine that must be applied with great care and caution, or it will encourage and promote fraud instead of preventing and defeating it. And it seems to us that in all cases when a party is to be deprived of his property, or his right to maintain an action, by an estoppel, the equity ought to be strong and the proof clear.

In the case now before us, it appears that the defendant bought of the plaintiff a hundred acre lot of land numbered 13. It has been run out to him by a surveyor appointed by the court; and it is of full size and a fraction over. The proof is that he has cut largely upon the adjoining lot numbered 14. He justifies the cutting upon the ground that while negotiating for lot 13, the plaintiff pointed out to him clumps of trees on lot 14. This the plaintiff denies. Here we have an issue of fact, with the burden of the proof upon the defendant. He swears one way and the plaintiff swears the other way. It is oath against oath, and no corroboration of either party. Can an estoppel be allowed to rest on proof so unsatisfactory? We think not. We think to so hold would encourage fraud and perjury, and place one's title to real estate upon a very slippery foundation. And besides, as we have already seen, the fact itself, if proved, would not be sufficient on which to base an estoppel, without proof of the further fact that the plaintiff knew, at the time he pointed out the clumps of trees, that they were

not on lot 13 ; and, of this additional fact, there is not so much as a scintilla of evidence.   As said by Mr. Justice Wilde, in one of the cases cited, "it would be most unjust that a party should forfeit his estate by a mere mistake."

The plaintiff's exceptions were improperly filed, and may be regarded as dismissed without further consideration.

*Motion sustained, and a new trial granted.*

PETERS, C. J., VIRGIN, FOSTER and HASKELL, JJ., concurred.